**Volodya VASKANYAN;**
**et al., Petitioners,**

**v.**

**John ASHCROFT, Attorney**
**General, Respondent.**

**No. 03–72660.**

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 9, 2004.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*    Fed. R.App. P. 34(a)(2).

Volodya Vaskanyan, Yeznik O. Kazandjian, Glendale, CA, for Petitioners.

Lusya Danielyan, pro se, Glendale, CA.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Mark C. Walters, Esq., Jacqueline Dryden, DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before: GOODWIN, WALLACE and TROTT, Circuit Judges.

MEMORANDUM **.

Volodya Vaskanyan and his wife Lusya Danielyan, both natives and citizens of Armenia, petition for review of the Board of Immigration Appeals' ("BIA") dismissal of their appeal from the Immigration Judge's ("IJ") decision denying their applications for asylum and withholding of removal and for protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We uphold a determination regarding asylum eligibility if it is supported by substantial evidence, and may reverse only if petitioner shows that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution. *See Prasad v. INS,* 47 F.3d 336, 338 (9th Cir.1995). We deny the petition for review.

■ Vaskanyan testified that he was beaten one time by members of the government and Armenian church on account of his affiliation with the Jehovah's Witness religion. The IJ and BIA found that this beating did not rise to the level of persecution. The record does not compel a contrary finding. See *Prasad v. INS,* 47 F.3d at 339 (stating that minor abuse during a brief detention does not compel a finding of past persecution).

■ Petitioners also testified that they were threatened numerous times by unspecified people because of their religious beliefs. Again, the IJ and BIA found that the threats did not rise to the level of persecution. The record does not compel a contrary finding. *See Hoxha v. Ashcroft,* 319 F.3d 1179, 1182 (9th Cir.2003) (stating that unfulfilled threats constitute harassment, but not persecution); *see also Lim v. INS,* 224 F.3d 929, 936 (9th Cir.2000) ("Threats themselves are sometimes hollow and, while uniformly unpleasant, often do not effect significant actual suffering or harm.").

■ Next, petitioners testified that Vaskanyan was demoted several times because of his religious beliefs. Even if Vaskanyan was demoted because of his religious beliefs, a demotion does not rise to the level of persecution. *See Nagoulko v. INS,* 333

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

F.3d 1012, 1016 (9th Cir.2003) (holding that being fired for one's religious beliefs, while discriminatory, is "not the type of economic deprivation that rises to the level of persecution").

■ Finally, petitioners testify that their summer home in Armenia was demolished. The IJ and BIA found no religious persecution because there was no evidence establishing that this occurred on account of petitioners' religion. The record does not compel a contrary finding. *See INS v. Elias–Zacarias,* 502 U.S. 478, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992) (stating a petitioner must provide direct or circumstantial evidence connecting the persecution to a protected ground).

For all of the aforementioned reasons, substantial evidence supports the IJ and BIA's finding that petitioners did not suffer past persecution nor have a well-founded fear of future persecution on account of any protected ground. *See Prasad v. INS,* 47 F.3d at 338.

Because petitioners failed to establish eligibility for asylum, they necessarily failed to meet the more stringent standard for withholding of removal. *See Fisher v. INS,* 79 F.3d 955, 960–61 (9th Cir.1996) (en banc). Likewise, petitioners have failed to meet the standard for CAT relief. *See Kamalthas v. INS,* 251 F.3d 1279, 1284 (9th Cir.2001) (quoting 8 C.F.R. § 208.16(c)(2)).

**PETITION FOR REVIEW DENIED.**